# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL DOCKET NO. 5:11CV27-V

| | |
|---|---|
| A.S., by and through his parents, ) <br> **LEONEL S. and JENNIFER S.,** ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **CATAWBA COUNTY BOARD OF** ) <br> **EDUCATION,** ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on its own motion in light of Defendant's Motion To Dismiss, filed May 3, 2011, and for purposes of providing the parties certain guidance concerning how the Court will proceed with the hearing noticed for **Thursday, May 12, 2011, at 9:30 a.m. in the Stateville Division.**

The May 12th hearing was originally scheduled to address Plaintiff's Motion For Preliminary Injunction. (Documents ##3, 4) However, Defendant's recently filed Motion To Dismiss, which is not fully briefed as of yet, formally challenges the existence of subject matter jurisdiction over Plaintiff's Complaint alleging unlawful discrimination based upon disability as prohibited by Section 504 of the Rehabilitation Act of 1973 ("Section 504", 29 U.S.C. §794(a), and Title II of the Americans with Disabilities Act of 1990 ("the ADA"), 42 U.S.C. §12132, *et seq.*, and their regulations. (Documents ##14,15) While not formally supported by a separate motion and memorandum of law prior to May 3, 2011, the question of subject matter jurisdiction was raised previously in Defendant's Response In Opposition to Plaintiff's Motion For Preliminary Injunction. (Document #12) Accordingly, the Court intends to proceed with the hearing **Thursday, May 12, 2011,** as scheduled consistent with the applicable law and subject to the following parameters.

**IT IS, THEREFORE, ORDERED THAT:**

1) The Court will begin with the threshold question of subject matter jurisdiction;

2) The Second Circuit's analysis in Cave v. East Meadow Union Free School District[1] is instructive, particularly with respect to the application of the exhaustion provision within the Individuals with Disabilities Education Act (the "IDEA"), 20 U.S.C. §1400, *et seq.*;

3) The "severe harm" exception to the IDEA's exhaustion of administrative remedies requirement, 20 U.S.C. §1415(l), appears to be pivotal to the jurisdictional question, and will likely overlap with Plaintiff's proffer in support of the request for preliminary injunctive relief; and

4) Plaintiff bears the burden of establishing that subject matter jurisdiction exists.

Signed: May 10, 2011

Richard L. Voorhees
United States District Judge

---

[1] Cave v. East Meadow Union Free School District, 514 F.3d 240 (2nd Cir.2008).